The Honorable Mark Stodola Prosecuting Attorney Sixth Judicial District P.O. Box 1979 Little Rock, AR 72203
Dear Mr. Stodola:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992).
Your question stems from a request, pursuant to the FOIA, for access to and copies of "the list of officers currently serving on the 6th Judicial Drug Task Force for the 1992-93 year." Correspondence attached to your request indicates that the original FOIA request was declined based on the reasoning that the identification of officers assigned to the drug task force are part of an ongoing undisclosed investigation by law enforcement agencies of suspected criminal activity. You have requested my opinion whether the identities of undercover officers are subject to disclosure under the Freedom of Information Act.
It must be noted, as an initial matter, that while the original FOIA request was for a "list of officers," it is my understanding from conversations subsequent to your request that no such list is maintained by your office. The FOIA, of course, applies to records, not to information. There is, accordingly, no obligation under the FOIA to create a new record by compiling or collecting information in the particular format requested by the person seeking access; rather, an agency must simply make available records in its possession. See generally Blaylock v.Staley, 293 Ark. 26, 732 S.W.2d 152 (1987) and Op. Att'y Gen.87-211.
In response to your particular question, it is my opinion that Act 895 of 1993 exempts from public disclosure the identity of undercover law enforcement officers. The effective date of Act 895 is August 13, 1993.
Act 895 of 1993 amended Section 25-19-105(b) of the FOIA to read in pertinent part as follows:
 It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (11) The identity of law enforcement officers currently working undercover with their agency and identified in the Arkansas Minimum Standards Office as an undercover officer. Records of the number of undercover officers an agency lists are not exempt from this chapter.
It is my understanding from conversations subsequent to your request that the officers who are the subject of the original FOIA request are indeed "law enforcement officers currently working undercover" with the drug task force and that they are "identified in the Arkansas Minimum Standards Office" as undercover officers. Accordingly, Act 895 clearly exempts from public disclosure the identities of such law enforcement officers.
It must be noted, however, that because the act does not contain an emergency clause, its effective date is August 13, 1993. Acts of the General Assembly with no emergency clause or specified effective date become effective ninety days after adjournment of the session at which they were enacted. Fulkerson v. RefundingBoard, 201 Ark. 957, 147 S.W.2d 980 (1940). The reason behind the ninety-day period is that all legislative enactments except those necessary for the immediate preservation of the public peace, health or safety, are subject to the operation of the initiative and referendum amendment (Amendment 7 to the Arkansas Constitution), and they therefore do not go into effect until the expiration of ninety days after final adjournment of the legislature, nor then until approved by the people if the referendum is ordered or invoked. State v. Moore, 103 Ark. 48,145 S.W. 199 (1912).
This office has recently opined that legislation passed in the Seventy-Ninth regular session of the Arkansas General Assembly that did not carry an emergency clause or a specified effective date becomes effective on August 13, 1993. See Op. Att'y Gen. 93-149A.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh